IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ANTHONY WILSON**                                                   **PETITIONER**

**V.**                                               **CIVIL ACTION NO. 3:18CV187 KHJ-LRA**

**WARDEN C. RIVERS**                                          **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Anthony Wilson filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking a reinstatement of good-conduct credit. At the time of filing, he was incarcerated at the Federal Correctional Complex-Medium in Yazoo City, Mississippi (FCC-Yazoo) serving a 420-month term of imprisonment for conspiracy to possess with intent to distribute cocaine. Petitioner alleges that disciplinary proceedings at the BOP facility where he was previously housed violated his due process rights and the Federal Bureau of Prisons (BOP) regulations. Respondent asserts that the petition should be denied because all due process requirements were met, and the evidence was sufficient to support the sanctions imposed. Having considered the submissions of the parties and the applicable law, the undersigned recommends that the petition be dismissed.

While confined at the Federal Correctional Institution ("FCI") Williamsburg in Salters, South Carolina, Wilson was found guilty of violating Code 200—escape from a non-secure institution and voluntary return within four hours. During an impromptu count at 6:30 PM on May 20, 2017, BOP officials discovered that Wilson was not present

in the housing unit. When they failed to locate him during subsequent searches of the surrounding areas, Wilson was placed on escape status until he returned at approximately 9:00 PM.[1]

As a result of this incident, Wilson received an incident report the next day charging him with a Code 102 violation—escape from a non-secure institution. The Unit Disciplinary Committee ("UDC") referred the matter to the Disciplinary Hearing Officer (DHO), with a recommendation that the charge be reduced to a Code 200 violation because Wilson returned within four hours. A disciplinary hearing was held on May 31, 2017, during which Wilson requested that the camp secretary serve as his staff representative. However, she was unavailable, and Wilson declined to select an alternative representative or postpone the hearing. He did give the following statement: "We were in the woodline, I never left, I was [t]aking care of Belle because he was messed up from drinking. We came out of the woodline when it was almost dark and sat under the pavilion until Officer Segarra noticed us." In a detailed report provided to Wilson on June 6, 2017, the DHO found that the greater weight of the evidence established a Code 200 violation. Wilson was sanctioned with a disallowance of 27 days of good-conduct time, 30 days of disciplinary segregation, and 6 months loss of phone privileges.[2]

---

[1] ECF No. 11-1.

[2] ECF No. 11-1—11-5.

After exhausting administrative remedies, Wilson filed the instant petition alleging the DHO exhibited bias against him and violated his rights to due process. He also claims that the incident report was falsified, and the evidence was insufficient to support a disciplinary conviction. In his prayer for relief, he requests that his disciplinary conviction be expunged from his record and his good-conduct time be restored.

It is well-settled that an inmate's liberty interest in his earned good time credits cannot be denied without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment. *Wolff v. McDonnell*, 418 U.S. 539 (1974). However, prison disciplinary proceedings are not a part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights of such proceedings. *Id.* at 566. Prison disciplinary hearings comport with due process when an inmate is given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to present documentary evidence and call witnesses in his defense; and, (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Martinez v. Young*, 653 F. App'x 835, 836 (5th Cir. 2016) (citing *Wolff*, 418 U.S. at 563–70).

The evidence of record reflects that Wilson received all of the procedural due process to which he was entitled in this case. He was given (1) advance written notice of the charges at least 24 hours prior to the proceedings; (2) the opportunity to have assistance from a staff representative; (3) the opportunity to present documentary evidence and call witnesses in his defense; and, (4) a written statement by the factfinder

3

of the evidence relied on and the reasons for the disciplinary action taken. *Martinez*, 653 F. App'x at 836 (citing *Wolff*, 418 U.S. at 563–70).

As to Wilson's charge that his DHO was impartial, he offers nothing to substantiate this claim. Wilson specifically alleges that the DHO's failure to call Officer Segarra as a witness at his disciplinary hearing shows that he was biased against him. Had Officer Segarra been called as a witness, Wilson claims that he would have testified that Wilson never left camp grounds but was in an area where inmates are known to drink and smoke. According to Wilson, such testimony would have supported his defense that he was simply in an unauthorized area.[3]

An inmate is entitled to have a charge against him determined by an impartial decision maker, *Wolff*, 418 U.S. at 563–72, but nothing of record indicates that Wilson identified or requested that Officer Segarra be called as a witness. When informed that the camp secretary was unavailable to serve as his staff representative, Wilson declined the opportunity to present witnesses or postpone the hearing. Even if Wilson was improperly denied the opportunity to call witnesses, he does not show that Officer Segarra would have offered testimony that would have changed the outcome of the proceedings. *Banuelos v. McFarland*, 41 F.3d 232, 234–35 (5th Cir. 1995). Wilson concedes that he was absent for the initial inmate count and the subsequent searches for him because he was in an unauthorized area to smoke and drink. "[E]scape . . . means absenting oneself from custody without permission." *Edwards v. Bragg*, No. EP-11-CV-

---

[3] ECF No. 2, p. 3.

4

297-FM, 2012 WL 12887906, at *5 (W.D. Tex. July 30, 2012) (internal quotation marks and citation omitted); *see also Bickham v. Pearson*, No. 5:09CV75-DCB-MTP, 2010 WL 8380011, at *1 (S.D. Miss. July 13, 2010), *report and recommendation adopted,* No. 5:09-CV-75 DCB RHW, 2012 WL 399225 (S.D. Miss. Feb. 7, 2012).   Simply put, the DHO was not the reporting or investigating officer, a member of the UDC, nor a witness to the incident.  *Pedraza v. Meyer*, 919 F.2d 317, 320 (5th Cir. 1990).  There is no evidence that he was precluded from making "a fair, impartial, and informed decision."  *Morissey v. Brewer*, 408 U.S. 471, 486 (1972).

Further, due process is satisfied if there is "at least 'some basis in fact' or a 'modicum of evidence' to support the disciplinary conviction,'" *Superintendent, Massachusetts Corr. Inst. v. Hill*, 472 U.S. 445, 454–56, (1985)."  The evidence is more than sufficient to support a finding that Wilson was guilty of committing the prohibited act here.  A search of the housing unit and the surrounding areas revealed that Wilson was unaccounted for four hours.  Though Wilson now claims that the incident report was falsified, by his own admission at the disciplinary hearing, he and the other inmates remained in the woodline until they were spotted by Officer Segarra.  Based on the evidence, the DHO found that the greater weight of the evidence supported a finding that Wilson committed the prohibited act with which he was charged.  This Court may not consider the weight of the evidence or make credibility determinations in reviewing the DHO's decision.  *Hill*, 472 U.S. at 455.

In sum, the undersigned finds nothing of record to substantiate Petitioner's allegation that his disciplinary hearing failed to comport with due process, or that the

evidence was insufficient to support his conviction. Because the record demonstrates that there was at least some evidence to support the finding of guilt, the undersigned recommends that the DHO's finding should not be disturbed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on December 29, 2020.

                                                                               s/ Linda R. Anderson
                                                    UNITED STATES MAGISTRATE JUDGE